IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK ANTHONY MARTIN,**

      Petitioner,

v.                              Civil Action No. 1:03CV213

**UNITED STATES OF AMERICA,**

      Respondent.

### ORDER AFFIRMING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO STRIKE, AND RESOLVING MISCELLANEOUS MATTERS

On December 16, 1994, *pro se* petitioner, Mark Anthony Martin ("Martin"), was sentenced by the United States District Court for the Southern District of Texas to one hundred sixty-eight (168) months of imprisonment and five (5) years of supervised release. Martin was also assessed a fine of $14,000 with interest following his conviction for conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine. On October 7, 2003, Martin filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241" in the Northern District of West Virginia. (Doc. No. 1.) Martin subsequently amended that petition on May 17, 2004. (Doc. No. 10.) In its final form, Martin's 28 U.S.C. § 2241 ("§ 2241") petition asserts four (4) grounds for relief:

    1) The court failed to consider certain factors, such as, the petitioner's indigent status and inability to pay

fine, furthermore the court erred in delegating it's authority to the Bureau of Prisons to set amount and timing payment schedule. Petitioner is requesting that his fine be dismissed or in the alternative greatlt [sic] reduced and be allowed to begin payments upon release and "without" interest.

2) The court wrongfully imposed the maximum term of (5) years of supervised release. Petitioner is requesting that his sentence be corrected to reflect the lower end of the guidelines to (3) years supervised released.

3) Petitioner is requesting that upon re-sentencing on either fine or supervised release that this court consider applying the safety valve provisions to his newly [sic] sentence. Petitioner states that the court has the discretion to consider these grounds on re-sentencing.

And from Martin's amended petition:

4) Whether the execution of Petitioner's sentence should be vacated and remanded due to ineffective assistance of counsel, as guaranteed by the Sixth Amendment when counsel failed to present any argument or objection in accord to Petitioner's inability to pay fine.

On May 28, 2004, United States Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R") in which he recommended that Martin's petition be denied and dismissed with prejudice. (Doc. No. 13.) On June 15, 2004, Martin filed objections to the Magistrate's R&R with regard to grounds one (1) and (4) of his petition (Doc. No. 15), but failed to object with regard to grounds

**Martin v. United States**  1:03CV213

## ORDER AFFIRMING REPORT AND RECOMMENDATION

two (2) and three (3).[1]  Thus, with regard to **GROUNDS TWO (2) AND THREE (3)** of Martin's § 2241 petition, the Court **ADOPTS** the Magistrate's R&R and **ORDERS** those grounds **DISMISSED WITH PREJUDICE**.

After filing his objections to the R&R, and after being granted leave to proceed in forma pauperis, Martin moved the Court to conduct a hearing on the remaining grounds of his petition. (Doc. No. 23.)  On April 18, 2005, the Court granted Martin's motion (Doc. No. 24), and subsequently conducted a telephone status conference on May 5, 2005.  Following that conference, the Court ordered the parties to brief two narrow issues:

1. **Jurisdiction.**  Does 28 U.S.C. § 2241 give this Court jurisdiction to consider a challenge to the sentencing court's decision to impose a fine on the Petitioner?

2. **Delegation of Authority to Set Payment Schedule.** Did the sentencing judge improperly delegate his authority to set the amount and timing of the payment of the fine imposed on the Petitioner to the Bureau of Prisons?

(Doc. No. 25.)

On May 23, 2005, Martin filed his opening brief addressing the outlined issues. (Doc. No. 26.)  On June 27, 2005, the respondents

---

[1] In fact, Martin affirmatively sought dismissal of grounds two (2) and three (3) in his objections to the Magistrate's R&R by stating: "Petitioner respectfully asks this Honorable Court to dismiss all other issue(s) that this petitioner had originally raised in regards to lowering his Supervised release, Safety Valve and Community Custody issues." (Doc. No. 15 at 1-2.)

### ORDER AFFIRMING REPORT AND RECOMMENDATION

filed their response in the form of a motion to dismiss with memorandum in support. (Doc. Nos. 27 & 28.) Martin's reply followed on July 14, 2005. (Doc. No. 30.) After conducting a *de novo* review of all matters before the Magistrate, and after considering the parties subsequent briefs, the Court **ADOPTS** the Magistrate's R&R, **DENIES** and **DISMISSES WITH PREJUDICE GROUND ONE (1)** of Martin's 28 U.S.C. § 2241 petition **AND DENIES** and **DISMISSES GROUND FOUR (4)** for lack of jurisdiction because his claim does not properly present a claim pursuant to 28 U.S.C. § 2241.

### I. Jurisdiction Under 28 U.S.C. § 2241

A 28 U.S.C. § 2241 petition for habeas corpus must be filed "in the district in which the prisoner is confined." In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Once properly filed, however, a prisoner's subsequent transfer does not necessarily destroy jurisdiction "in the district where the prisoner was incarcerated at the time the habeas petition was filed." Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 n. 1(D.C. Cir. 1988)(citing Ex parte Mitsuye Endo, 323 U.S. 283, (1944). In Endo, the United States Supreme Court discussed the jurisdiction of district courts to grant writs of habeas corpus as follows:

> The statute upon which the jurisdiction of the District Court in habeas proceedings rests gives it power to grant writs of habeas corpus for the purpose of an inquiry into

**Martin v. United States**                                      1:03CV213

## ORDER AFFIRMING REPORT AND RECOMMENDATION

>     the cause of the restraint of liberty. That objective
>     may be in no way defeated by the removal of the prisoner
>     from the territorial jurisdiction of the District Court.
>     That end may be served and the decree of the court made
>     effective if a respondent who has custody of the prisoner
>     is within reach of the court's process even though the
>     prisoner has been removed from the district since the
>     suit was begun.

323 U.S. at 306-307 (internal citations and quotations omitted). Thus, so long as a district court retains jurisdiction over those who have custody of a defendant, it may retain jurisdiction over a subsequently transferred defendant's § 2241 petition.

Moreover, any petition filed under § 2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. *Compare* 28 U.S.C. § 2242 (§ 2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention), *with* 28 U.S.C. § 2255 (motions to vacate sentence brought under § 2255 are collateral attacks upon the imposition of a prisoner's sentence and claim a right to be released). Before addressing the merits of Martin's remaining claims, the Court must determine whether those claims are jurisdictionally proper under § 2241.

### a. Personal Jurisdiction:

In this case, Martin filed his § 2241 petition while incarcerated in the Federal Correction Institute ("FCI") at Gilmer County, West Virginia. FCI Gilmer lies within the Northern

## ORDER AFFIRMING REPORT AND RECOMMENDATION

District of West Virginia. While Martin's petition was pending before this Court, however, he was transferred by the BOP to FCI Beckley which is located in the Southern District of West Virginia.

In his petition, Martin named B.A. Bledsoe, Warden of FCI Gilmer, K.M. White, Mid-Atlantic Regional Director of the BOP, and Harley Lappin, Director of the BOP, as respondents. Since respondents White and Lappin retain custody of Martin during his incarceration at FCI Beckley, and since this Court retains personal jurisdiction over respondents White and Lappin in their administrative capacities for the BOP, this Court's jurisdiction over Martin's § 2241 petition is not necessarily destroyed by his transfer to a facility located in the Southern District of West Virginia. Further, given the advanced procedural posture of this case, it is in the interests of justice for the Court to retain jurisdiction over Martin's petition.

### b. Subject Matter Jurisdiction - Ground One (1):

In ground one (1) of his petition, Martin challenges the fine assessed by his sentencing judge and the subsequent administration of that fine by the BOP. In analyzing ground (1) of his petition, the Court finds that only Martin's claim asserting that the sentencing court improperly delegated authority to the BOP alleges facts concerning Martin's commitment or detention. Because

## ORDER AFFIRMING REPORT AND RECOMMENDATION

Martin's improper delegation claim in ground (1) of his petition challenges only the financial portion of his sentence, and because that claim relates to conditions of confinement, that claim is properly construed under § 2241. See Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998)(collecting cases holding that a 28 U.S.C. § 2255 petition may not be used for the sole purpose of "attacking fines and orders of restitution"); See also Coleman v. Brooks, 133 F.App'x 51, 53 (4th Cir. 2005)(unpublished)(finding petitioner's claim challenging the execution of his order of restitution to arise under 28 U.S.C. §2241 because no challenge to the legality of the petitioner's sentence was made). United States v. Corcho, 60 F.App'x 479, 480 (4th Cir. 2003) (unpublished)(construing petitioner's motion as a § 2241 motion because it challenged only the portion of his sentence imposing a fine). However, challenging the sentencing court's considerations when imposing Martin's fine does not relate to the execution of his sentence and is not cognizable in a § 2241 petition. See Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114-15 (5th Cir. 1990)(affirming the district court's dismissal of petitioner's § 2241 petition on jurisdictional grounds to the extent petition challenged "the sentencing court's imposition of . . . any form of

monetary assessment, fine, or restitution ordered by the sentencing court").

**b. Subject Matter Jurisdiction - Ground Four (4):**

In ground four (4) of his petition, Martin asserts he was denied the effective assistance of counsel, in violation of his Sixth Amendment rights, because both his trial counsel and appellate counsel failed to adequately argue or object to the fine imposed on Martin. Similar to his assertions in ground one (1), Martin again focuses his claim solely on the financial portion of his sentence. Thus, the Court considers Martin's ineffective assistance of counsel claim as seeking to vacate or modify only the portion of his sentence relating to the imposition of his $14,000.00 fine. As such, ground (4) of Martin's petition does not allege facts concerning Martin's commitment or detention, does not challenge the execution or administration of his fine, and is not properly brought as a § 2241 claim. Thus, the Court **FINDS** Martin's ineffective assistance of counsel claim to fall outside the scope of § 2241 and **ORDERS GROUND FOUR (4)** of Martin's petition **DISMISSED** on jurisdictional grounds.

Finding Martin's claim of improper delegation of authority in ground one (1) of his petition to be cognizable under 28 U.S.C. § 2241, the Court will analyze that claim on the merits.

**Martin v. United States**                                          1:03CV213

## ORDER AFFIRMING REPORT AND RECOMMENDATION

### II. Ground One (1) DENIED – Sentencing Court Did Not Improperly Delegate Authority to the BOP

Ground one (1) of Martin's petition asserts that the district court that sentenced him improperly delegated its authority to the BOP to administer that fine. This Court disagrees.

On December 21, 1994, Ewing Werlein, Jr., United States District Judge for the Southern District of Texas, entered the Judgment and Commitment Order for Martin (Doc. No. 1, Ex. 1 at 4), imposing a fine of $14,000.00. Interest on the fine was not waived. Id. However, the fine was significantly below the $20,000.00 to $4,000,000.00 guideline range for fines applicable to Martin's offense of conviction. Id. at 5. The Judgment and Commitment Order indicates that the fine imposed is below the applicable guideline range because of the defendant's inability to pay a fine within that range. Id. Finally, the Order designates that Martin's fine and other monetary penalties be paid in full immediately. Id. at 4A.

These findings comport with the court's posture during Martin's sentencing hearing, as evidenced by court transcripts which state:

> The Court finds that the Defendant does not have the ability to pay a fine within the Guideline range, but that the Defendant does and will have the ability to pay a fine, a lesser fine from prison earnings . . .

**Martin v. United States**                                     1:03CV213

<u>**ORDER AFFIRMING REPORT AND RECOMMENDATION**</u>

(Doc. No. 1, Ex. 2 at 15.)

In <u>United States v. Johnson</u>, 48 F.3d 806, 808 (4th Cir. 1995), the Fourth Circuit analyzed 18 U.S.C. § 3663 and held that it is a nondelegable, "core judicial function" of Article III courts to set the amount and timing of restitution payments. A year later, in <u>United States v. Miller</u>, 77 F.3d 71, 77-78 (4th Cir. 1996), the Fourth Circuit extended its reasoning in <u>Johnson</u> to include the imposition of criminal fines. In <u>Miller</u>, the defendant brought a direct appeal of his sentence following his entry of a guilty plea for both passing and concealing counterfeit federal reserve notes. <u>Id.</u> at 72. Among other claims, the defendant asserted the sentencing court had improperly delegated its authority when, after ordering the defendant to pay a $3,000.00 fine and $50.00 restitution, it directed that those payments be made "at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." <u>Id.</u> at 74.

In <u>Miller</u>, the Fourth Circuit agreed with the defendant and analogized the duty imposed on courts by 18 U.S.C. § 3572(d), regarding the timing and payment of fines, to that in 18 U.S.C. §§ 3663 and 3664, regarding the timing and payment of restitution orders, concluding that duty is the exclusive province of the courts. <u>Id.</u> at 78. Thus, in <u>Miller</u>, the court of appeals vacated

**ORDER AFFIRMING REPORT AND RECOMMENDATION**

the portion of the defendant's sentence relating to his fine and restitution because the sentencing court had not retained "ultimate authority over such decisions." Id. at 78.

Martin contends that Miller applies to the terms of his sentence because his sentencing court improperly delegated its authority to the BOP when it ordered his fine to be paid in full immediately without setting a monthly payment schedule while knowing that Martin would only begin paying his fine while incarcerated. (Doc. No. 30 at 3.) This case, however, is factually distinguishable from Miller. Martin's judgment and commitment order clearly indicates both the amount of his fine - $14,000.00 - and when that fine was due and payable - "immediately." (Doc. No. 1, Ex. 1.) Further, a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant "payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order." McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); see also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002)(holding that the BOP has the discretion to place inmates in the IFRP where the sentencing court ordered those inmates fines be paid immediately); see also Coleman, 133 F.App'x at 53 (finding the BOP properly applied the IFRP as an "avenue to

collect" the petitioner's financial obligations which the sentencing court imposed and ordered immediate payment). Thus, the sentencing court in this case did not improperly delegate authority regarding the timing and payment of Martin's fine to the BOP. The Court, therefore **ADOPTS** the Magistrate's R&R, and **DISMISSES GROUND ONE (1)** of Martin's §2241 petition **WITH PREJUDICE**.

### III. Martin's Motion for Summary Judgment and Motion for Order to Show Cause Stricken from the Record

On September 7, 2005, Martin filed a motion for summary judgment. (Doc. No. 31.) Thereafter, on November 9, 2005, he moved to compel the respondents to show cause, or in the alternative, grant his motion for summary judgment. (Doc. No. 32.) On November 14, 2005, the respondents filed a motion to strike these motions, arguing that because the issues outlined by the Court relevant to Martin's § 2241 petition had been fully briefed by the parties and were pending before the Court, the filing of dispositive motions by the petitioner was untimely. (Doc. No. 33.) The Court agrees and, in accord with its resolution of Martin's § 2241 petition above, **GRANTS** the respondents' motion to strike. Accordingly, document numbers thirty-one (31), Martin's motion for summary judgment, and thirty-two (32), Martin's motion for an order to compel are **ORDERED STRICKEN** from the record.

Martin v. United States                                        1:03CV213

## ORDER AFFIRMING REPORT AND RECOMMENDATION

### IV. Conclusion

For the reasons discussed above, the Court **ADOPTS** the Magistrate's R&R with regard to **GROUNDS TWO (2) AND THREE (3)** of Martin's § 2241 petition and **DISMISSES** those grounds **WITH PREJUDICE**. Further, the Court **ADOPTS** the Magistrate's R&R with regard to **GROUND ONE (1)** and **DISMISSES** it **WITH PREJUDICE**. **GROUND FOUR (4)** of Martin's petition falls outside the scope of § 2241, and thus, the Court **DISMISSES GROUND FOUR (4)** for lack of jurisdiction. The Court **GRANTS** the respondents' motion to strike (Doc. No. 33), and **ORDERS** document numbers thirty-one (31) and thirty-two (32) **STRICKEN** from the record. Finally, the Court **ORDERS** all motions terminated, as this order resolves all outstanding issues in this case.

The Clerk is directed to file this Order electronically and mail a copy of this Order to the pro se petitioner and all appropriate agencies.

DATED: January 31, 2006

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE